IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN DIVISION

| | |
|---|---|
| IBRAHIM IDDRISU,<br><br>Petitioner<br><br>vs.<br><br>LEONARD ODDO, WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, et al.,<br><br>Respondents | **NO. 3:25-CV-00396-CCW-RAL**<br><br>CHRISTY CRISWELL WIEGAND<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**IN RE: ECF NO. 1** |

I. RECOMMENDATION

It is respectfully recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) (the "Petition") be conditionally granted to the extent it requests a bond hearing before an immigration judge and denied in all other respects. It is further recommended that Petitioner's Emergency Motion for Preliminary Injunction (ECF No. 11) be denied as moot.

II. REPORT

A. RELEVANT BACKGROUND

Petitioner Ibrahim Iddrisu ("Petitioner") is an immigration detainee currently held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. His Petition has been pending since November 6, 2025. By way of

relief, Petitioner asks for immediate release from immigration detention, or for a bond hearing at which DHS bears the burden to justify Petitioner's detention. ECF No. 1 at 3. He argues that his detention is governed by 8 U.S.C. § 1226(a), which allows the possibility of release on bond, and that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing is contrary to law. ECF No. 1 at 8-13. Respondents filed their response to the Petition on December 19, 2025. ECF No. 9. On March 12, 2026, Petitioner filed an Emergency Motion for Preliminary Injunctive Relief ("Emergency Motion") requesting that the Court enjoin his transfer outside this judicial district and his continued detention and order his immediate release. ECF No. 11. Respondents filed a response to the Emergency Motion on March 16, 2026. ECF No. 14.

Because the material facts of this matter are not in dispute and relevant authority in this judicial district establishes that Petitioner's continued detention without a bond hearing is contrary to law, the Petition should be granted to the extent it requests a bond hearing before an Immigration Judge. The Petition should be denied in all other respects, and the Emergency Motion should be denied as moot.

B. MATERIAL FACTS

Petitioner is a citizen of the Republic of Ghana who entered the United States without inspection in Houston, Texas on or about July 11, 2023. ECF No. 1 at 3. On or about August 8, 2023, Petitioner was apprehended at the Peace Bridge in Buffalo, New York and charged with being present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(6)(A)(i). *Id.* at 3-4. Petitioner was

denied refugee status in Canada and returned to the United States. *Id.* at 3. He was served with a notice to appear and detained at the Batavia Federal Detention Center. *See* Ex. 2. On December 8, 2023, Petitioner was released from DHS custody on $10,000 bond. Ex. 3. On October 22, 2025, law enforcement in Harrisburg, Pennsylvania, contacted members of Immigration and Customs Enforcement ("ICE") who later took Petitioner into custody for being present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(6)(A)(i). *Id.* Petitioner was also charged that he was subject to removal from the United States as an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document as required, or a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General as required, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). Id. Petitioner was transferred to MVPC where he has remained detained under 18 U.S.C. § 1225(b)(2). There is no indication on the record that a final order of removal has been entered against Petitioner.

C. DISCUSSION

This Court has jurisdiction to hear the merits of the instant case under 28 U.S.C. § 2241(c)(3), which allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" *See Bystron v. Hoover*, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing *Demore v. Kim*, 538 U.S. 510 (2003) and *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

Petitioner asserts that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) while Respondents argue that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) because he is an "applicant for admission" to the United States. [CITATION] (citing, *inter alia*, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)). Section 1226 – the statute that Petitioner argues should apply to his current detention – states, in pertinent part:

> Apprehension and detention of aliens
>
> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

In contrast, Section 1225– the statute that Respondents argue should apply – states, in pertinent part:

> Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing

> a) Inspection
>
> (1) Aliens treated as applicants for admission
>
> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
>
> ****
>
> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Respondents acknowledge that prior to July 8, 2025, it was the position of the Department of Homeland Security ("DHS") and the immigration courts that Petitioner would have been eligible to apply for discretionary bond pursuant to Section 1226(a). ECF No. 9 at 9. They also acknowledge that the expansive legal interpretation of who constitutes an "applicant for admission" adopted in *Hurtado* has been uniformly rejected by all judges within the Western District of Pennsylvania. *See id.* at 2 n.2. *See also Calzado Diaz v. Noem*, No. 3:25- cv-458, 2025 WL 3628480, at *3-7 (W.D. Pa. Dec. 15, 2025) (Haines, J.), *vacated as moot*, Dkt. No. 22 (Dec. 17, 2025) (explaining that "the general legal conclusions in the Court's opinion … remain unchanged."); *Nunez Ramos v. Noem*, No. 3:25-CV-00387, 2025 WL 3687335, at *4 (W.D. Pa. Dec. 19, 2025) (Brown, M.J.); *Vasquez Mejia v. Noem*, No. 3:25-CV-00333, 2025 WL 3546427, at *4 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.); *Ico*

*Coc v. Warden Leonard Oddo*, No. 3:25-CV-00381, 2025 WL 3753965 (W.D. Pa. Dec. 29, 2025) (Taylor, M.J.); *Silva Cova v. Rose*, No. 3:26-cv-101 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 9); *Cifuentes Alvarez v. Noem*, 3:26-cv-73 (ECF No. 10) (W.D. Pa., Feb. 26, 2026) (Ranjan, J.); *see also Aguirre-Guevara v. Oddo*, No. 3:26-cv-70 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 8) ("The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Thus, historically, there would have been no dispute that Petitioner was entitled to a bond hearing before an immigration judge pursuant Section 1226(a). However, recent changes in policy by ICE and the decision of the Board of Immigration Appeals essentially ratifying interpretation adopted in *Hurtado* have resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States. *See Hurtado*, 29 I&N Dec. at 228-29. As noted, this interpretation has been uniformly rejected by the judges of this Court. For the reasons cogently articulated by District Judge Stephanie Haines in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), the interpretation of "applicant for admission" adopted in *Hurtado* should also be rejected in this case. Petitioner entered the United States without inspection on or about July 11, 2023, and has been present since that date. He is not an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

The same authority rejecting *Hurtado*, however, has found that an order of the outright release typically is not supported. *See e.g.*, *Nunez Ramos*, 2025 WL 3687335, at *4 (W.D. Pa. Dec. 19, 2025). Instead, because Petitioner's detention is governed by Section 1226(a), he has a statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). *See also* 8 C.F.R. § 1003.19. Accordingly, a hearing before an immigration judge is the proper forum to determine whether bond is appropriate under that statute and the applicable regulations. The Petition should be denied to the extent it requests immediate release.[1]

D. CONCLUSION

For the reasons set forth herein, the Petition (ECF No. 1) should be conditionally granted. Respondents should be required to provide Petitioner with a substantive bond hearing before a neutral immigration judge forthwith, and to timely notify the Court of the results of said hearing. If Respondent fails to do so, the writ should issue, and Petitioner should be released from immigration custody subject to conditions consistent with applicable law. If the Court adopts the foregoing recommendation, it should then deny Petitioner's Emergency Motion (ECF No. 11) as moot.

---

[1] A certificate of appealability is not required for federal detainees seeking relief under Section 2241. *Muza v. Werlinger*, 415 Fed. Appx. 355, 357 n.1 (3d Cir. 2011). *See also*, 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should issue here.

## III. NOTICE

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated this 19th day of March, 2026.

RESPECTFULLY SUBMITTED:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE