IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IBRAHIM IDDRISU,

      Plaintiff,

      v.

LEONARD ODDO, ET AL.

      Defendants,

3:25-CV-00396-CCW

## ORDER

This case has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On March 19, 2026, the Magistrate Judge issued a Report (the "R&R"), ECF No. 15, recommending that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, be granted in part, to the extent the Petition requests a bond hearing before an immigration judge. The R&R further recommends that Petitioner's Motion for Preliminary Injunction, ECF No. 11, be denied as moot. Service of the R&R was made on the parties, and Petitioner has filed Objections. *See* ECF No. 17. Respondents filed a response to Petitioner's objections. *See* ECF No. 20.

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the Objections thereto, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, to the extent the Petition requested a bond hearing before an immigration judge.[1]  IT IS FURTHER ORDERED that the Petition is DENIED in all

---

[1] After the Magistrate Judge issued the R&R recommending that Petitioner be afforded a bond hearing, but before the parties filed objections to the R&R, Petitioner received an individualized bond hearing before an IJ at which the IJ denied bond based on Petitioner's "fail[ure] to show he is not a flight risk." ECF No. 16-1 at 1. Thus, Petitioner has now received the relief recommended by the Magistrate Judge and affirmed by this Court.

other respects.  IT IS FURTHER ORDERED that Petitioner's Emergency Motion for Preliminary Injunction is DENIED.  IT IS FURTHER ORDERED THAT the Magistrate Judge's R&R, ECF No. 15, is adopted in part as the Opinion of the District Court, except to the extent it recommends that Petitioner's Motion for Preliminary Injunction be denied in full as moot as opposed to denied in part as moot and denied for lack of jurisdiction as to the remainder.[2]

DATED this 20th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] The Motion for Preliminary Injunction seeks:  (1) Petitioner's immediate release from custody;  (2) an order barring Respondents from transferring Petitioner from outside the Western District of Pennsylvania;  and (3) an order barring Respondents from detaining Petitioner under 8 U.S.C. § 1225(b)(2).  ECF No. 11.  Because Petitioner has already been afforded a bond hearing under 8 U.S.C. § 1226(a), the Motion for Preliminary Injunction is moot to the extent it seeks an order barring Respondents from detaining Petitioner under § 1225(b).  But Petitioner remains detained, so the other relief requested in the Motion has not become moot.  However, the Court lacks jurisdiction to enjoin Petitioner's transfer outside this district.  *Jane v. Rodriguez*, No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020).  And, because an IJ has already determined that Petitioner is a flight risk and denied bond on that basis under § 1226(a), the Court lacks jurisdiction to order Petitioner's release.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").